■ ANASTASIA MYKITSCHAK, Appellant, v VICTOR H. BORJA et al., Respondents, and EMPIRE INSURANCE COMPANY, Respondent. [611 NYS2d 278] —In an action to recover the purchase price of a New York City taxi medallion, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated March 19, 1992, as, upon granting the branch of her motion which was for renewal, adhered to its original determinations in orders dated March 29, 1990, and March 12, 1991, which dismissed the complaint against the defendants Victor H. Borja and Melrose Credit Union, and denied the branch of the plaintiff's motion which was for leave to serve a supplemental summons and amended complaint adding Empire Insurance Company as a defendant.

Ordered that the order is modified by (1) deleting the provision thereof which adhered to the determination in the order dated March 12, 1991, granting the motion by the defendant Melrose Credit Union to dismiss the complaint as asserted against it, and substituting therefor a provision denying the motion by Melrose Credit Union, and (2) deleting the provision thereof denying the plaintiff leave to amend her complaint to add Empire Insurance Company as a defendant, and substituting therefor a provision granting the plaintiff leave to amend her complaint to add Empire Insurance Company as a defendant; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the supplemental summons and amended complaint are deemed served.

In 1989, the plaintiff sold her New York City taxi medallion, utilizing the brokerage services of the defendant Sherman Taxi Medallion Sales, which is owned by the Sherman family. The defendant Victor H. Borja purchased the plaintiff's taxi medallion for $145,000. Borja financed the purchase in part with a $125,015 loan from the defendant Melrose Credit Union (hereinafter Melrose). At the closing, the loan check, made out to Borja, was endorsed by Borja to the order of Herman Sherman Associates, an insurance brokerage business also owned by the Sherman family. Herman Sherman Associates later endorsed the check to the order of Empire Insurance Company (hereinafter Empire) in payment of Herman Sherman Associates' insurance premiums. Shortly after the

closing, the plaintiff received two checks for the purchase price from Sherman Taxi Medallion Sales, Inc. Both checks were returned for insufficient funds. At the time the plaintiff commenced this lawsuit to recover the purchase price, she had received only $14,000 of the agreed-upon price.

The Supreme Court, *inter alia,* granted the motion by Melrose for summary judgment. The court also denied the plaintiff leave to amend her complaint to add Empire as a defendant. The plaintiff subsequently moved, *inter alia,* for renewal. In support of her motion, the plaintiff submitted an affidavit from Michael Sherman, who was affiliated with both Sherman Taxi Medallion Sales and Herman Sherman Associates, in which he admitted participating in a criminal money-making scheme using taxi medallion loans. Michael Sherman stated that he had pleaded guilty to grand larceny resulting from his theft of funds from certain individuals, including the plaintiff. He explained that he and certain individuals employed by Melrose participated in a scheme by which Melrose "would approve loans made to prospective purchasers of medallions that Sherman Taxi Medallion Sales would bring to the Credit Union knowing full well that the mortgage loan check would not be delivered to the seller immediately, but that the funds would be temporarily diverted to finance our own business interests. * * * This scheme lasted for approximately five to seven years at which time it finally was exposed due to a shortage of new transactions and increasing expenses that were being covered by this illegal 'float of money' ". The plaintiff was a victim of this scheme.

We find that Michael Sherman's affidavit submitted by the plaintiff in support of the branch of her motion which was to renew the motion by Melrose for summary judgment, is sufficient to establish a question of fact as to the potential liability of Melrose to the plaintiff.

In addition, we find that the court should have granted the branch of the plaintiff's motion which was to amend her complaint to add Empire as a defendant. Leave to amend a complaint should be freely granted *(see,* CPLR 3025 [b]). In support of her claim against Empire, the plaintiff presented evidence showing that when Herman Sherman Associates fell behind in paying insurance premiums to Empire, Empire installed one of its employees in the offices of Herman Sherman Associates, with the approval of Herman Sherman Associates, for the express purpose of collecting premiums. Empire allegedly was familiar with the workings of Herman Sherman Associates, and accepted payments from Herman Sherman

Associates in the form of double endorsed checks, representing loan proceeds from medallion purchases. Under these circumstances, we cannot conclude as a matter of law that Empire had no knowledge that the checks with which it was paid constituted illegally diverted loan proceeds.

We have examined the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.